ROBERT W. HAYDOCK et al., Respondents, *v.* DAVID COOPE et al., Appellants.

An insolvent debtor cannot exercise his right of giving preferences among creditors by assignment, so as to secure to himself the future control of the assigned property or of its proceeds.

C. being insolvent, made an assignment for the benefit of creditors, giving preferences. Simultaneous with the making of the assignment, he in concert with his son, one of the assignees, without the knowledge of the other, procured from the preferred creditors written agreements to lend to the son a large portion of the moneys they should receive under the assignment for the term of five years, such loans to be secured by the

notes of the son indorsed by C.; also authorizing the assignees to pay to the son the sums so agreed to be loaned. This agreement was in fact made to enable C. to prosecute his business in the name of his son. *Held*, that these facts justified a finding that the assignment was made to hinder, delay and defraud creditors.

A creditor is not estopped from questioning an assignment by reason of having purchased from the assignees a portion of the assigned property

(Argued May 16, 1873; decided May 27, 1873.)

APPEAL from judgment of the General Term of the Supreme Court affirming a judgment in favor of plaintiffs, entered upon the decision of the court at Special Term.

This action was brought by plaintiffs, judgment creditors of defendant David Coope, to set aside a general assignment for the benefit of creditors, made by him to the other defendants. The court found the following facts, among others:

That on the twenty-first day of October, 1857, the said defendant, David Coope, being insolvent and unable to pay his debts in full, made, executed and delivered a general assignment of his property, in trust for the payment of his debts, with preferences, to the defendants, Joseph W. Harper, T. Sullivan Thorne and Smith M. Coope, who was the son of the defendant David Coope; and thereupon on the same day the said assignees accepted the said assignment, and took possession of the assigned property thereunder. That simultaneously with the making of the said assignment, at the instance and request of the said assignor and the said Smith M. Coope, acting in concert, but without the knowledge of the other assignees, certain of the creditors of said David Coope, whose claims are provided for, as preferred in the second class in said assignment, made and entered into certain agreements in writing with the said David Coope and Smith M. Coope, whereby they severally agreed to lend to said Smith M. Coope a certain sum described in each instance as the part and parcel of the sum due to the creditors from David Coope, and empowered him to receive the same from the said David Coope or his assigns, upon his giving to the creditors his promissory note for the amount indorsed by the

said David Coope, payable in five years from date, with lawful interest, and authorized and empowered the said David Coope and his assigns to pay to said Smith M. Coope the sum so loaned out of any moneys so due to the creditors, and to take his receipt and acquittance therefor. That said agreements were all prepared for execution by the said David Coope, and were made on the eve of the execution by him of his said assignment, and the amount of money therein agreed to be loaned by each of the said creditors was identical with the amount secured to him or her in the preferences of said assignment in the second class thereof. That the said agreements and the making of said assignment constituted in fact but one transaction ; that said agreements were made for the nominal consideration of one dollar, but in reality upon no consideration other than the preferences of the creditors making them respectively in the second class of said assignment, and were induced by a desire on the part of said creditors respectively to benefit said assignor, and that said assignment was made with intent to devote the property assigned to the payment of the debts of the assignor, in the manner thereby and by said agreements provided ; that said agreements were made with said Smith M. Coope pursuant to an arrangement with said assignor for the benefit of the latter, and for the better accomplishment of the objects thereof as aforesaid. That the use of the name of Smith M. Coope in said several agreements was not in reality to benefit him, but that the arrangement and agreement was in fact and effect between the said creditors respectively and the said David Coope, with intent on the part of said David to reserve and retain for his own account, under the name of his son, the use, and benefit to that extent of the assigned estate, or the proceeds thereof, and that by means of the provision so to be made under the assignment, in connection with said creditor's loans, to continue, under the name of his son, his business, and retain the good-will thereof after the assignment, and that said assignment was made, and the said Smith M. Coope selected and

constituted one of the assignees therein, in pursuance of such intent on the part of said David.

And, as conclusions of fact, from the facts hereinbefore stated, that said assignment was in fact made and executed with the intent on the part of said David Coope to hinder, delay and defraud his creditors.

That an unexpired term of eight years of a lease of the store occupied by the assignor at the date of said assignment passed to the said assignees under the said assignment, which the said assignees afterwards sold and transferred to the plaintiffs, and that the assignees thereafter paid to the plaintiffs rent for the said premises while they continued to occupy the same and dispose of the assigned stock of goods ; and that the plaintiffs also purchased of the said assignees a portion of said stock of goods, amounting to upward of four hundred dollars.

That (except as such intent might be inferred, or was a conclusion of fact from the facts herein found) the said assignment was not in fact executed with intent on the part of the said David Coope to hinder, delay or defraud his creditors, and that the said assignees did not accept of said assignment with any fraudulent intent whatsoever.

And he thereupon found, as matters of law, that the said assignment was made with intent to hinder, delay and defraud his creditors, and with a secret trust and reservation of benefit for the said assignor, in exclusion of some of his creditors, and that the same was fraudulent and void as against his creditors.

That the plaintiffs were not precluded, by their dealings with the assignees subsequent to the date of the assignment, from insisting that the said assignment was void, and he directed judgment adjudging the said assignment to be fraudulent and void as aforesaid, and vacating and annulling the same.  Judgment was entered accordingly.

*Joshua M. Van Cott* for the appellants.  The agreement of certain creditors to make certain loans, as they were paid

their debts under the assignment, did not reserve to the debtor any benefit or trust out of his property, and was not illegal. (*Lee & Co.'s Bk.* v. *Talcott*, 19 N. Y., 148; *Spalding* v. *Strong*, 37 id., 135; S. C., 38 id., 9; *Hastings* v. *Belknap*, 1 Den., 190; *Powers* v. *Graydon*, 10 Bosw., 630; *Wilson* v. *Britton*, 26 Barb., 562; *Renard* v. *Graydon*, 39 id., 548; *Clarke* v. *White*, 12 Pet., 162; *Stewart* v. *Spencer*, 1 Curtis, 161, 163, 165.) The formal findings of fact or law do not preclude a review here. (*Pratt* v. *Foote*, 5 Seld., 468; *Draper* v. *Stouvenal*, 38 N. Y., 219; *Fellows* v. *Northrud*, 39 id., 117; *Mason* v. *Lord*, 40 id., 476, 484; *Putnam* v. *Hubbell*, 42 id., 106; *Beck* v. *Sheldon*, 48 id., 369; 17 id., 461; 22 id., 451; 23 id., 364, 365; 37 id., 628; *Townsend* v. *Stearns*, 37 id., 209.) Plaintiffs having purchased from the trustees portions of the trust estate, are precluded from insisting that the assignment is void. (*Van Hook* v. *Whitlock*, 23 Wend., 43; *Hone* v. *Henriques*, 13 id., 243; *Embury* v. *Conner*, 3 Comst., 511; *Palmer* v. *Smith*, 6 Seld., 303; *Rapalyee* v. *Stewart*, 27 N. Y., 310; *Rodermund* v. *Clark*, 46 id., 354; *Morris* v. *Rexford*, 18 id., 552; *Draper* v. *Stouvenel*, 38 id., 221.)

*Joseph H. Choate* for the respondents. Taking the agreements and assignments as one entire transaction, it is fraudulent and void. (*Mackie* v. *Cairns*, 5 Cow., 548; *Goodrich* v. *Downs*, 6 Hill, 438; *Strong* v. *Skinner*, 4 Barb., 546; *Sheldon* v. *Dodge*, 4 Den., 217.) The assignment was void on account of the benefit secured to the assignor. (*Litchfield* v. *White*, 7 N. Y., 438.) The purchase of the goods by plaintiffs at the auction sale does not estop them from contesting the assignment. (*Hone* v. *Henriques*, 13 Wend., 240; *Rapalyee* v. *Stewart*, 27 N. Y., 310; *Wills* v. *Munroe*, cited in *Babcock* v. *Dill*, 43 Barb., 577.)

GROVER, J. There was evidence tending to prove all the facts found by the judge. His finding must be assumed as correct by this court. The judge found, among other things,

that the assignor acting in concert with his son, one of the assignees, but without the knowledge of the other assignees, simultaneous with the making of the assignment procured from certain of the creditors, to whom a preference was given under the assignments, agreements in writing to lend to his son, one of the assignees, a large portion of the money that they should respectively receive upon their debts under the assignment for the term of five years; such loans to be secured by the notes of the son indorsed by the assignor, and authorizing the assignees to pay to this son the sums so agreed to be loaned and take his receipt therefor. That the name of the son was used for the benefit of the assignor. That the agreement was in fact made between these creditors and the assignor to enable the latter to prosecute business in the name of the son for his own benefit and to use the money in such business. And as an inference from the above facts, the referee further found that the assignment was made by the assignor with intent to hinder, delay and defraud his creditors. The counsel for the appellants is right in the position that this inference cannot be sustained in this court as a finding of fact unless warranted by the facts previously found, and from which it was drawn, for the reason that unless so warranted it is a finding wholly unsupported by the evidence. The assignor had a right to give such preferences among his creditors as he saw fit, if he by the assignment devoted the property absolutely to the payment of his debts, not reserving to himself any benefit other than that to be derived from the payment thereof. (*Grover* v. *Wakeman*, 11 Wend., 190.) In that case it was determined that the reservation by the assignor of any benefit to himself, in addition to the payment of his debts, was a fraud upon his creditors which made the entire instrument void; and it was further determined that giving a preference to certain creditors, upon condition that they should accept the sums received under the assignment in satisfaction of their entire debts, was the reservation of such a benefit, and made the assignment fraudulent and void as against creditors. In the

present case, by the assignment the property was placed beyond the reach of the creditors, and by the agreement the assignor retained the entire control of the proceeds for five years, so far as the money to be loaned nominally to his son but really to himself from the proceeds was concerned. Not one dollar of his indebtedness would be paid. The son, although maker of the notes to be given for this money, was only surety for the assignor, and by this contrivance, if successful, the property was placed beyond the reach of creditors, and the assignor secured to himself the control thereof for five years. Had the assignment made the preference to the creditors conditional upon their loaning the whole or a part of what should be received under it to the assignor upon the terms specified in the agreement, it would have beyond question vitiated the assignment. The position of the counsel for the appellant is, as I understand it, that the assignor had a perfect right to give such preferences as he saw fit, irrespective of the motive. That the money received by the creditors under the assignment belongs to them, and they had a perfect right to loan it to the assignor if they chose. Hence he argues that the rights of no one are violated and no fraud committed. But the reason upon which *Grover* v. *Wakeman* was decided was, that the assignor had no right after placing his property beyond the reach of his creditors to cause them to do something for his benefit before permitting them to share in its distribution. If this is not permitted by inserting the provision in the assignment, it is a little difficult to see how the same result may be produced by an agreement made in contemplation of the assignment and cotemporary therewith. *Spaulding* v. *Strang* (37 N. Y., 135) and *Spaulding* v. *Strang* (38 id., 9) are cited to show that such agreements are not unlawful, and, therefore, will not vitiate an assignment. Both these cases arose upon the same assignment, and the questions were substantially the same in both. Bradner & Furman, being in insolvent circumstances, made a proposition to their creditors to pay fifty cents on the dollar in full satisfaction of their debts, and a portion

of the creditors agreed thereto. Thereupon an agreement in writing was made by the firm with such creditors, by which the former agreed to pay and the latter agreed to accept of fifty per cent of their debts in full satisfaction; providing further that in case the firm should be unable to pay pursuant to the agreement they should make an assignment, giving a preference as specified in the agreement of fifty cents on the dollar upon the debts of those who became parties to the agreement. Several creditors became parties and executed releases of their debts to the firm. The firm was unable to make the payments according to the agreement, and made an assignment giving a preference of fifty per cent upon the debts of those who had become parties thereto. The question was whether this made the assignment fraudulent. Held that it did not, for the reason that it was not found or proved that any coercion was used by the assignees to induce the creditors to make the agreement; and for the further reason that at the time the agreement was made the assignors had made no disposition of their property, that it was still subject to the remedy of the creditors, and that under these circumstances the parties were at liberty to make any contracts they chose in respect to the terms upon which the indebtedness should be discharged. These reasons are not applicable to the present case. Here the agreement for the loan was made simultaneous with the assignment, and in express reference thereto, and in fact constituted a part thereof. To hold that a debtor may exercise his right of giving preferences among his creditors so as to secure to himself the future control of the property assigned or of its proceeds, would give facilities for the grossest frauds and utterly defeat the ends for which assignments have been sustained, which are the application of the property of insolvents to the payment of their debts. It would enable insolvent debtors to coerce creditors into almost any agreement which they desired. Under such a rule such a debtor could not only compel a release of the whole upon preferring a part of the debt, but could, as in the present case, compel the credi-

tors to leave the property in his hands, subject to his control, upon such terms as he should dictate. From the facts found, the conclusion that the assignment was fraudulent and void, whether regarded as one of fact or of law, was correct.

The counsel for the appellants insists that the plaintiffs are estopped by reason of their purchase of a portion of the assigned property from the assignees, and cites *Hone* v. *Henriquez* (13 Wend., 240) to sustain the position. In that case, the defendant had in writing accepted of the assignment. Other cases are cited holding that the acceptance of a benefit under the assignment will preclude such party from insisting upon its invalidity. In the present case the plaintiffs have done neither. They have in no manner accepted of the assignment. They have accepted of no benefit given to them by the assignment. They have merely purchased some property embraced therein of the assignees, which any one, though not a creditor, and an entire stranger to the assignment, might do. This purchase does not bring the plaintiffs within the reasons upon which the cases cited were determined.

The judgment appealed from must be affirmed with costs.

All concur.

Judgment affirmed.