# N. Y. SUPERIOR COURT.

## RICHARD D. CROTTY agt. DUNCAN E. MACKENZIE.

*Costs — attorney's lien — when it attaches — how protected — execution for.*

An attorney has a lien on a judgment, not only for the actual costs, but for any portion of the damages which may have been stipulated, for his compensation; but he has no lien until the judgment is entered, or at least not until after verdict.

To protect the lien of an attorney for his costs and expenses against the settlement of a judgment, he must give notice of the lien to the judgment debtor, and where the judgment issues for both damages and costs such lien can be protected in no other way.

Where a plaintiff recovered a judgment for a certain amount, included in which was the taxed costs, and a specified sum agreed by the plaintiff to be paid to his attorney, and afterward the plaintiff and the defendant's attorneys entered into an arrangement by which the judgment was paid and satisfied, without the knowledge of plaintiff's attorney, who, upon its discovery, issued an execution on said judgment requiring the sheriff to levy the amount of his costs and counsel fee: *held*, that such execution must be set aside; the more just and equitable rule being that the plaintiff's attorney should, before attempting to enforce his lien, be required to give notice of the lien to the judgment debtor, and that it would be better to apply to the court before he issues his execution for an order to vacate the satisfaction of the judgment.

This would seem to be adverse to *Sweet* agt. *Bartlett* (4 *Sandf.*, 661).

*Special Term, October*, 1876.

MOTION by defendant to set aside execution and levy.

*Mr. Joline*, for the motion.

*Mr. Southworth*, opposed.

Crotty agt. MacKenzie.

CURTIS, *C. J.*— The plaintiff recovered judgment August 31, 1876, for $273.80. The defendant appealed to the general term. The judgment included plaintiff's taxed costs, $160.80, and fifty dollars agreed by the plaintiff to be paid to his attorney. The plaintiff and the defendant's attorneys entered into an arrangement by which the judgment was paid and satisfied October 17, 1876, without the knowledge of the plaintiff's attorney. The latter, upon discovering it, issues an execution on the judgment, requiring the sheriff to levy the amount of his costs and counsel fee. The defendant now moves to vacate this levy and execution, and the attorney claims that his client, the plaintiff, is pecuniarily irresponsible, and that the parties entered into the arrangement in order to defraud him of his costs, and with knowledge of his lien.

There is no substantial proof impeaching the good faith of the satisfaction of the judgment, and it does not appear that the plaintiff's attorney took the precaution to protect his lien for costs by serving a notice of it upon the judgment debtor. The lien and the right to enforce it are controverted on the part of the defendant.

In *Rooney* agt. *The Second Ave. R. R. Co.* (18 *N. Y.*, 368), the somewhat divergent views expressed in reference to the effect of the Code upon the lien of an attorney upon the judgment recovered by him are considered, and the conclusion is arrived at that such lien is not abolished and is not measured by the actual costs, but covers any portion of the damages which may have been stipulated for the compensation of the attorney's services. This court early took this position, and refused to set aside an execution issued by the plaintiff's attorneys to collect the costs, on which they had a lien by judgment, when the plaintiff and defendant without their knowledge had settled the litigation and satisfied the judgment. OAKLEY, C. J. (all the rest of the judges concurring), stated that it was the determination of the court to sustain the lien of the attorney, and that when his rights to the

costs was established the court would protect it so far as it could, because, however the matter might be technically, the costs were in reality his property. It was further held that an attorney had no lien for his costs until a judgment was entered, or at least not until after verdict, and that until the lien attaches, the parties can settle the suit regardless of his claim for costs. But after the attorney's right to costs is fixed by a verdict or judgment, then the parties are no longer at liberty to settle, disregarding his interest in the matter (*Sweet* agt. *Bartlett,* 4 *Sandf.,* 661).

In the case of *Ward* agt. *Syne* (9 *How Pr.,* 16), it was also held by the general term of the court of common pleas (judges DALY and WOODRUFF concurring), that the Code did not affect the attorney's lien for his services.

In *Ackerman* agt. *Ackerman* (14 *Abb. Pr.,* 229), the general term of the court of common pleas held that although the lien of the attorney for costs was one which the court would enforce, yet payment by a judgment debtor to a judgment creditor of the judgment was valid against the lien of the attorney, unless the debtor had notice of the attorney's claim by way of lien to a portion of such judgment.

It was also held that although an execution could be issued upon a judgment which had been satisfied, yet that if the satisfaction was voidable for any cause, it must be vacated by the court before execution could be issued.

In *Bishop* agt. *Garcia* (14 *Abb. Pr.* [*N. S.*], 72), the principle was concurred in, that if an attorney desires to protect his lien for costs and expenses against the settlement of a judgment, he must give notice of the lien to the judgment debtor.

In *Sweet* agt. *Bartlett* (*supra*), the defendants do not appear to have raised the objection that they had not been notified of the attorney's lien for costs, and the effect of such an omission on the part of the plaintiff is not considered; but as that arises in the present case, it would seem a more just and equitable rule that the plaintiff's attorney should, before

Crotty agt. MacKenzie

attempting to enforce his lien, be required to give such notice, and that it would be better to apply to the court, before he issues his execution, for an order to vacate the satisfaction of the judgment.

In *Marshall* agt. *Meeks* (51 *N. Y.*, 140), these views as to an attorney's lien for his costs are confirmed, and it was held that where the judgment was for costs only it was in itself a legal notice of the lien, which could be discharged only by payment to the attorney, and by a divided court it was held that where the judgment issues for both damages and costs such lien could only be protected by notifying the judgment debtor. This mode of protecting this lien by such notice is recognized in *Pulver* agt. *Harris* (53 *N. Y.*, 73), and in *Lesher* agt. *Roessner* (3 *Hun*, 217).

It is with reluctance I feel constrained by the weight of the later authorities to set aside an execution issued in accordance with what might seem to be the settled practice of this court, as expressed in *Sweet* agt. *Bartlett* (*supra*).

The execution and levy sought to be set aside on the part of the defendants must be vacated, but without costs.