THOMAS H. GROVES, Appellant, *v.* JOHN RICE, WILLIAM H. RICE and DAVID CLANCY, Respondents.

1. GENERAL ASSIGNMENT — DEALINGS BY CREDITOR WITH ASSIGNEE. Any dealing, by a creditor, with an assignee in possession of an insolvent's estate under a general assignment, which a stranger might have, in relation to the estate and whereby its assets will be realized upon and advantage gained to it, has no significance upon the question of ratification of the act of assignment, by the creditor.

2. IMPEACHING AN ASSIGNMENT — ESTOPPEL. In order that a creditor shall be estopped by any act of his from impeaching the validity of a general assignment, it must appear that he has accepted an actual benefit under it, or that he has assumed such an attitude as would be inconsistent with his taking such a position.

3. RATIFICATION OF ASSIGNMENT, BY CREDITOR — ESTOPPEL. When, at the time of the making of a general assignment for the benefit of creditors, a contract for work upon a building of a creditor, theretofore made between the assignor and the creditor, is partly performed, a mere request by the creditor that the assignee complete the work, followed by such completion and its acceptance, does not, of and by itself, constitute such a ratification of the act of assignment, by the creditor, as will estop him from thereafter maintaining an action to set it aside.

4. RATIFICATION OF ASSIGNMENT, BY CREDITOR — ESTOPPEL. When, however, a creditor requests the assignee under a general assignment to complete a contract for work partially executed by the assignor, without the intention of paying the assignee therefor, but with the belief that he can gain a positive benefit, by having the price of the work set off against the indebtedness of the assignor to himself, under a prior agreement to that effect with the assignor, he will be estopped, by having so recognized the assignment for the purpose of gaining an advantage, from thereafter attacking its validity, whether he did or did not in fact receive the benefit supposed.

5. Extent of Estoppel. The estoppel arising from an effectual ratification, by a creditor, of a general assignment is personal to the creditor and extends to an indebtedness of the assignor transferred to such creditor subsequent to the acts creating the estoppel.

Mem. of decision below, 75 Hun, 612.

(Argued January 9, 1896; decided January 21, 1896.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 18, 1894, which affirmed a judgment in favor of defendants dismissing the complaint entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David Hays* for appellant. The act of the plaintiff in requesting the assignee to complete the contract of the assignors and his enjoyment of the performance of such contract was not a ratification of the assignment. (Bigelow on Est. [5th ed.] 455, 459, 460, 651, 683, 686; *S. N. Co.* v. *Weed*, 17 Barb. 378; Cook on Stock. § 637; *Glenn* v. *Bergman*, 20 Mo. App. 343; *Harbeck* v. *Pupin*, 145 N. Y. 70; *Wollaston* v. *King*, L. R. [8 Eq. Cas.] 164; May on Fraud. Conv. 534; *French* v. *French*, 6 De G., M. & G. 95; *Morris* v. *Rexford*, 18 N. Y. 552; Herman on Est. §§ 1029, 1056, 1057; *Lee* v. *Templeton*, 73 Ind. 315, 324; Story's Eq. Juris. § 1075; *Morgan* v. *Skidmore*, 3 Abb. [N. C.] 92; *Bowen* v. *Mandeville*, 95 N. Y. 237; *Mills* v. *Parkhurst*, 126 N. Y. 89; *Zabriskie* v. *C. V. Co.*, 131 N. Y. 72; *Zottman* v. *San Francisco*, 20 Cal. 96; Bishop on Insol. Debtors [3d ed.], §§ 170, 249, 252; *Requa* v. *Holmes*, 26 N. Y. 338; Bump on Fraud. Conv. 466, 474; *Babcock* v. *Dill*, 43 Barb. 577; *Robertson* v. *Pickrell*, 109 U. S. 608; *Norton* v. *Norton*, 5 Cush. 524; *Haydock* v. *Coope*, 53 N. Y. 68; *A. E. Bank* v. *Webb*, 36 Barb. 291; *Knauth* v. *Bassett*, 34 Barb. 31; *Hays* v. *Heidelberg*, 9 Penn. St. 203; *Mandeville* v. *Avery*, 124 N. Y. 376; *Stedman* v. *Davis*, 93 N. Y. 32; *Van Nest* v. *Yoe*, 1 Sandf. Ch. 4; *Iselin* v. *Henlein*, 16 Abb. [N. C.] 73; *Faxon*

v. *Mason*, 76 Hun, 408 ; *Stevens* v. *Melcher*, 80 Hun, 514 ; *McCants* v. *Bee*, 1 McCord's Ch. 383 ; *Baldwin* v. *Tuttle*, 23 Iowa, 66 ; *Foulk* v. *McFarlane*, 1 W. & S. 297 ; *E. C. Foundry. Co.* v. *Hersee*, 103 N. Y. 25 ; Wait on Fraud. Conv. § 483 ; Bump on Fraud. Conv. 472 ; *Smith* v. *Savin*, 141 N. Y. 315, 324 ; *Higgins* v. *Crouse*, 147 N. Y. 411 ; *Sullivan* v. *Bonesteel*, 79 N. Y. 631 ; *Seymour* v. *Fellows*, 77 N. Y. 178 ; De Colyer on Guar. & Surety, 253 ; *Elwood* v. *Diefendorf*, 5 Barb. 398 ; *Williams* v. *Tipton*, 5 Humphreys, 66.)   Assuming that the dealing of plaintiff with the assignee was sufficient to amount to an estoppel, such estoppel would not affect the cause of action which he subsequently acquired from the bank.   (Code Civ. Pro. § 1909 ; Pom. on Rem. § 156 ; Bigelow on Est. 12, 352, 384, 453 ; *Metters* v. *Brown*, 1 H. & C. 686 ; *Trentman* v. *Eldridge*, 98 Ind. 525 ; Story's Eq. Juris. §§ 397, 409, 1085 ; *Sherman* v. *Parrish*, 53 N. Y. 483 ; *Carpenter* v. *Buller*, 8 M. & N. 209 ; *Gerrish* v. *Union Wharf*, 26 Mo. 384 ; *Rock* v. *Leighton*, 1 Salk. 310 ; *Ruggles* v. *Sherman*, 14 Johns. 446 ; *Lord* v. *Baldwin*, 6 Pick. 348 ; *Rawlyn's Case*, 4 Coke, 54 ; *O'Brien* v. *Browning*, 11 Hun, 179 ; *Haynes* v. *Brooks*, 116 N. Y. 487 ; Bishop on Insol. Debtors, § 253 ; Wait on Fraud. Conv. § 171 ; *Martin* v. *Walker*, 12 Hun, 46 ; *Parker* v. *O'Conner*, 93 N. Y. 118 ; *Brown* v. *Chubb*, 135 N. Y. 174 ; *Norton* v. *Norton*, 5 Cush. 524 ; *Williams* v. *Hays*, 64 Hun, 202 ; *Wood* v. *Chapin*, 13 N. Y. 509 ; *Ward* v. *Isbill*, 73 Hun, 550 ; *McWhorton* v. *Huling*, 3 Dana, 349 ; *Price* v. *Martin*, 46 Miss. 489 ; *Griffith* v. *Griffith*, 9 Paige, 315 ; *Barrow's Case*, L. R. [14 Ch. Div.] 432 ; *Stephens* v. *Perrine*, 143 N. Y. 476.)   The preferences in favor of Teresa Rice, Catharine Rice and J. & Q. Van Voorhis were invalid.   (Bishop on Insol. Debt. §§ 188, 218 ; *Boardman* v. *Halliday*, 10 Paige, 223 ; *Barnum* v. *Hempstead*, 7 Paige, 568 ; *Kercheis* v. *Schloss*, 49 How. Pr. 284.)

*Eugene Van Voorhis* for respondents.   The plaintiff having recognized the validity of the assignment, and having received a benefit under the assignment, and having put the

estate at disadvantage, and caused it to suffer loss by his deal-ings with the assignee, is estopped from impeaching the assign-ment on any ground. ( *Wilson* v. *Daggett*, 9 Civ. Pro. Rep. 411; Herman on Est. §§ 459, 1057, 1058; *Rapalee* v. *Stewart*, 27 N. Y. 310; *Levy* v. *James*, 16 N. Y. S. R. 762; *Hone* v. *Henriques*, 13 Wend. 240; *Cavanagh* v. *Morrow*, 67 How. Pr. 241; 1 W. & T. L. C. 541; Burrill on Assign. [4th ed.] § 478; *Adlum* v. *Yard*, 1 Rawle, 163; *Burrows* v. *Alter*, 7 Mo. 424; *Lanahan* v. *Latrobe*, 7 Md. 268; *Richard* v. *White*, 7 Minn. 345; *Scott* v. *Eades*, 3 Minn. 377; *Valentine* v. *Decker*, 43 Md. 583; *Daub* v. *Barnes*, 1 Md. Ch. 127; *Therasson* v. *Hickok*, 37 Vt. 454; Bump on Fraud. Conv. 472, 474; *Rodermund* v. *Clark*, 46 N. Y. 354; *Moller* v. *Tuska*, 87 N. Y. 166; *In re Holbrook*, 99 N. Y. 539; Bige-low on Est. [4th ed.] 656; *Freirson* v. *Branch*, 30 Ark. 453; *Haydock* v. *Coope*, 53 N. Y. 68; *Babcock* v. *Dill*, 43 Barb. 577.) It is claimed that although plaintiff was estopped, yet the bank was not, and when plaintiff took an assignment of the judg-ments he got into the shoes of the bank and the estoppel ceased to operate. This is a fallacy and cannot be maintained. (2 R. S. 142, § 1; Bump on Fraud. Conv. 502, 504, 508; *Jackson* v. *Seward*, 5 Cow. 67; *Seward* v. *Jackson*, 8 Cow. 406; *Van Wyck* v. *Seward*, 18 Wend. 375; *Shontz* v. *Brown*, 27 Penn. St. 123; *McLaughlin* v. *Bank of Potomac*, 7 How. 220; *Woodbury* v. *Abby*, 5 Cal. 336; *Gannon* v. *Esland*, 20 Ala. 732; *Bay* v. *Cook*, 31 Ill. 336; *Cook* v. *Johnson*, 12 N. J. Eq. 51; *M. Co.* v. *Osgood*, 15 Johns. 162; *Bibb* v. *Free-man*, 59 Ala. 512; *Feam* v. *Ward*, 65 Ala. 33; *Jackson* v. *Myers*, 18 Johns. 425; *Fox* v. *Hills*, 1 Conn. 295; *Salmon* v. *Bennett*, 1 Conn. 525; *Cramer* v. *Reford*, 17 N. J. Eq. 367; *Primrose* v. *Browning*, 56 Ga. 369; *Feigley* v. *Feig-ley*, 7 Md. 537; *Walradt* v. *Brown*, 1 Gilm. 397; *Langford* v. *Fly*, 7 Humph. 585; *Farnsworth* v. *Bell*, 5 Sneed, 531; *Miller* v. *Dayton*, 47 Iowa, 312.) A creditor cannot attack an assignment as illegal if it is for his benefit — he must be injured. (Bullock on Assignments, 43; *Fox* v. *Heath*, 16 Abb. Pr. 163; *Powers* v. *Graydon*, 10 Bosw. 630; 39 Hun, 537; 105 N. Y. 476; 15 N. Y. 334; 51 N. Y. 552.)

GRAY, J. This action was brought to set aside an assignment made by the firm of Rice Brothers to the defendant Clancy for the benefit of their creditors. The trial judge found that the assignors had withdrawn moneys from the firm's funds in contemplation of making the assignment, either for themselves or for the payment of individual debts. He held this to be in law a fraud upon the creditors, for which, as a general rule, relief would be granted against the assignment; but the fact was not important, as the plaintiff had estopped himself from assailing the assignment. At a time previous to the assignment Rice Brothers had made a contract with the plaintiff, whereby they had undertaken to do all the steam fitting and plumbing in a certain building in the city of Rochester belonging to him. At the time of the assignment that contract had been partially performed and, at the request of the plaintiff, Clancy, the assignee, proceeded with its performance and the work was completed. The plaintiff was a creditor named in the deed of assignment to the extent of $500 and he was liable as indorser upon notes of Rice Brothers, held by the Central Bank of Rochester. Upon these notes the bank had recovered judgments against Rice Brothers and had assigned them to the plaintiff, who commenced this action, as such assignee of the bank's causes of action. The complaint was dismissed upon the trial, upon the ground, as stated in the conclusion of law found by the trial judge, " that the plaintiff having received a benefit under the assignment became a party to it and is estopped from impeaching it." In his opinion the learned trial judge held, looking merely at the fact that the assignee, at the request of the plaintiff, had proceeded in the performance of the work and had completed it, that thereby the plaintiff had received a beneficial result and had so recognized the assignee as to prevent him from impeaching the validity of the assignment.

While we think that this judgment should be sustained, we are not able to concur entirely with the learned trial judge in his reasoning that the mere completion of the contract by the assignee, at the request of the plaintiff, amounted to such an

adoption of the acts of the assignors in making their assignment, as to estop him from thereafter maintaining an action to set it aside. But looking at the other facts disclosed by this record, as we have the right to do in order to support the judgment (*Ogden* v. *Alexander*, 140 N. Y. 356), we find that there is ample evidence to show that the plaintiff so conducted himself in his dealings with the assignee, as to estop him from now questioning the validity of the assignment. If he had not gone further than to procure the completion of the contract of the assignors at the hands of the assignee, it would be difficult to perceive in what respect he had so recognized the assignment, or had received such peculiar benefits therefrom, as to conclude him in respect to its validity. The assignee might have elected to go on with the contract of his assignors, or he might have refused to do so and if he was influenced to go on by the insistence of the plaintiff, he merely did that which it was always his right and within his power to do. The only extent to which the plaintiff committed himself, in procuring the assignee to complete the job, was that he recognized the existence of an assignment by the contractors, and that the contract could only be carried out by Clancy as their representative. Something more was needed to make out a ratification by the plaintiff of the assignment, or to estop him in equity from attacking it. The assignment was, at the most, voidable and until it was adjudged void the assignee had the right to complete the contract. The plaintiff, so far as merely requesting the assignee to perform the contract, did nothing more than a stranger to the assignment might have done. For example, I can see no difference between the effect of such an act and the effect of a stranger coming in and buying property from the assignee; and a similar view was taken by Judge GROVER in the case of *Haydock* v. *Coope* (53 N. Y. 68). In either case, the estate of the insolvents is in the possession of the assignee, whose title is good until adjudged otherwise, and any dealing with him by a creditor, which a stranger to the assignment might have, in relation to the estate and whereby its assets will be realized upon and an advantage

is gained, has no significance upon the question of a ratification of the act of assignment. In order that a creditor shall be estopped by any act of his from impeaching the validity of an assignment, it must appear that he has accepted an actual benefit under it, or that he has assumed such an attitude as would be inconsistent with his taking such a position. ·(*Mills* v. *Parkhurst*, 126 N. Y. 89.) The facts in this record show that the plaintiff was desirous of having this contract completed by the assignee, in order that he might avail himself of an agreement with Rice Brothers, which he says was made at the time of making the contract, that the payments which he should make on account of their notes should be applied in the discharge of his liability under the contract. He testified upon the trial, in substance, that as an inducement for him to indorse their notes, for the purpose of raising money at the bank, Rice Brothers agreed that they would offset what they would owe him upon the notes, with his account for the job that they were doing upon his building. Subsequently when, upon the completion of the job, the plaintiff refused to pay, the assignee commenced an action against him to foreclose a mechanic's lien for moneys owing, and he defended the action and set up the agreement between himself and Rice Brothers that whatever payments should be made by him on account of any of the notes should be applied to the payment of his obligation and liability under the contract, and he prayed for a judgment for such relief. It is evident, therefore, that he never really intended to pay the assignee, if he went on with the contract; but believed that by procuring him to do so he could receive the benefit of his agreement with the assignors. Plaintiff believed he saw an advantage to be possible by recognizing the assignment. Rice Brothers had become unable to perform the contract. If he had the work finished by a third person, he would not be in a position to claim the enforcement of the agreement to offset his liability for the work by the liability of Rice Brothers to him as indorser upon their notes given to the bank. If he could induce the assignee, however, to take up and finish the job, he would be in a position where

30

he might withhold payment and then set up such an agreement. In other words, he dealt with the assignee as a creditor, with the object of procuring a portion of his claim against the estate to be paid in full ; a scheme which, if suc-. cessful, would give him an advantage over other creditors. By such conduct I think the plaintiff estopped himself from thereafter setting up the invalidity of the assignment. Having recognized the assignment for the purpose of gaining some advantage, he could not in conscience turn around and assert its invalidity. It is of no consequence, and I do not think we need consider whether he could, or did, receive, in fact, the benefit supposed. It might have been altogether illusory and, yet, there was sufficient in his attempt at using the assignee and the funds of the estate for his benefit, to estop him in equity from complaining that the assignment was worthless at law.

Upon these additional grounds, I think the plaintiff's complaint was properly dismissed upon the merits.

The other point, which the plaintiff raises in support of his appeal, that his position as assignee of the bank's judgments, through a transfer made after the time of his dealing with the assignee of Rice Brothers, would not be affected by the estoppel, I think, is satisfactorily answered in the opinion of the learned judge, who presided at the trial of this action. He was a creditor, recognized in the assignment when it was made, and the mere fact that the indebtedness to him may have been increased through the transfer of other debts of the insolvents does not affect the question. I agree with Mr. Justice BRADLEY that the estoppel arising from an effectual ratification of the assignment was personal to the plaintiff.

The judgment should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.