THEODORE F. WHEELER, Respondent, v. JOHN F. SCOFIELD
et al., Appellants.

An action to foreclose a mechanic's lien is not an action "affecting the
title to real estate or an interest therein" within the meaning of the
amendment of 1874 to section 11 of the Code (chap. 322, Laws of 1874),
and a judgment in such an action for less than $500 is not appealable
to this court.

It *seems*, that under the mechanic's lien law of 1873 (chap. 489, Laws of
1873), one who has performed labor for a contractor in the erection or
repairing of a building or who has furnished materials therefor, will be
presumed to have done so with the consent of the owner, in the absence
of proof of any objection on his part.

By the terms of a building contract, the work was to be completed by
December first; it was not so completed. The contractors were called
upon to do extra work, and, with the consent of the owner, continued
work until January eighth thereafter, when they failed and discontinued
work. The owner did not declare the contract forfeited, but obtained
the contractor's consent to go on and finish it. The cost of completing
the work was less than the amount unpaid upon the contract, adding
thereto the value of the extra work. In an action by a material-man to
foreclose a mechanic's lien, *held*, that the owner could not claim the con-
tract forfeited; but the inference was that he undertook to complete the
building at the contractor's expense, and that the lienors were entitled
to the residue.

(Submitted October 6, 1876; decided November 14, 1876.)

APPEAL from judgment of the General Term of the
Supreme Court in the fourth judicial department, affirming a
judgment in favor of plaintiff, entered upon the report of a
referee. (Mem. of decision below, 6 Hun, 655.)

This action was brought to foreclose a mechanic's lien, filed
under and in accordance with the provisions of chapter 489,
Laws of 1873.

The facts as found by the referee, were substantially as
follows:

On the 14th day of January, 1873, the firm of Coons &
Pearson entered into a contract in writing with the defendant
Scofield to furnish materials and erect for him a house on his

farm near Penn Yan, and to finish the same in a good, work-manlike manner, by the first of December then next, for the sum of $3,600, payable in installments. Said defendant had the right to make changes in the building, the cost of which was to be paid by him if they increased the expense, and to be deducted from the contract-price if they lessened the expense. Scofield was to dig the cellar and lay up the walls. Coons & Pearson entered upon the performance of the work under the contract, but the building was not completed by the first of December. They continued to work on the house after that date and until the eighth of January, when their hands quit work and refused to work any longer, as Coons & Pearson had become insolvent and unable to pay them. Scofield required numerous changes in the work, whereby a large amount of extra work was required to be and was done by Coons & Pearson. Scofield made no objection to Coons & Pearson continuing work on the house after the first of December, but acquiesced in the same. When Scofield was informed that Coons & Pearson had ceased work on the house he applied to one of them, Coons, to know whether they designed to continue the work, and Coons told him they did not. Scofield then asked Coons if he might go on and finish the house, and Coons consented. Scofield accordingly employed men and completed it.

The plaintiff and others, who had furnished materials for said house to Coons & Pearson, filed liens, under chapter 489 of the Laws of 1873.

The extra work done by the contractors amounted to $1,263.90. The referee allowed for the completion of the work and some other items $199.20, and found that Scofield had paid the contractors before the filing of the liens $4,290, leaving a balance of $374.70. For this balance the referee directed judgment.

On the trial Coons, one of the contractors, was examined as a witness on the part of the plaintiff. He gave evidence tending to prove that he and his partner did not abandon the work nor consent to allow Scofield to finish the build-

ing, and he was asked by plaintiffs' counsel whether the persons having filed liens had offered them assistance on the Monday after the workmen had ceased to work on the building. The defendant's counsel objected to the question. The objection was overruled and the witness answered that they had, to which defendant's counsel duly accepted.

After the plaintiff rested, defendant's counsel moved for a nonsuit, on the grounds :

That plaintiff was not entitled to recover, for the reason that the contractors never completed the building and no valid reason was shown for not completing it.

And that plaintiff had not shown that the materials furnished by him to the contractors, and used by them in the construction of the house, were furnished with knowledge or consent of the owner.

The motion was denied and the defendant's counsel excepted.

*William S. Briggs* for the appellants. Plaintiff was bound, in order to recover, to show that the materials in question were furnished by him to the contractors with defendants' knowledge or consent. (Laws of 1873, chap. 489, § 1; *Mushlitt* v. *Silverman*, 50 N. Y., 362.)

*Morris Brown* for the respondent. A material-man is entitled to a lien when the materials were furnished to one having a contract with the owner. (*Nellis* v. *Bellinger*, 6 Hun, 560.)

EARL, J. The plaintiff claims his lien under the act chapter 489 of the Laws of 1873. Section 1 of the act provides that " any person who shall hereafter perform any labor in erecting, altering or repairing any house, building, or the appurtenances, etc., or who shall furnish any materials therefor, with the consent of the owner," shall, on compliance with the act, have a lien for the value of such labor and materials.

The claim is made by the owner that the materials were

not furnished with his consent.   He had made a contract with
Coons & Pearson to erect the house, they doing all the work,
and furnishing all the materials.   And the materials furnished
by the plaintiff were such as were called for by this contract.
The owner having made a contract for the use of these mate-
rials in the erection of the building, must be held to have
consented that they should be furnished within the meaning
of the act.   The act gives a lien in the case of materials fur-
nished to a contractor or sub-contractor, and it cannot be sup-
posed in such case, the express consent of the owner is required.
In the absence of any objection in such case, his consent must
be inferred.

   It is also claimed that the plaintiff should have been defeated,
for the reason that the contractors failed, without sufficient
excuse, to complete the building.   By the terms of the con-
tract, they were to complete the building by the first day of
December.   They were required to do considerable extra
work, and continued, with the knowledge and approbation of
the owner, to work upon the building until January eighth, when
they failed in business, and their workmen discontinued work.
The owner did not declare the contract forfeited, but as the
referee found, obtained their consent that he might go on and
finish the building.   They consented, and he finished the
building.   In such a case, where the contractors have nearly
completed their contract, and several hundred dollars have been
earned, but not paid, before the owner can claim that the con-
tract was forfeited, he must show that in some way he claimed
the forfeiture, and thus distinctly put the contractor in default.
It was a just inference, from all the facts in this case, that the
owner undertook to complete the building at the expense of
the contractors.   This view was justified by the evidence, and
we cannot disturb the finding of the referee.

   The evidence of Robert Coons objected to was wholly
immaterial, and could not have harmed the defendants, and
hence the exception to the ruling admitting it furnishes no
ground for a reversal of the judgment.

   It will thus be seen that upon the merits the judgment is

right.    But the appeal must be dismissed.    The judgment for plaintiff is only $411.18, exclusive of costs, and hence under the act chapter 322 of the Laws of 1874, is not appealable to this court.    We have held that an action to foreclose a mortgage is not, within the meaning of that act, an action "affecting the title to real estate, or an interest therein," and the same must be true of an action to foreclose a lien under the lien laws.    Such an action is simply to enforce the collection of a money demand out of real estate, and no more affects the title than the attempt to enforce the collection of any debt against the debtor's estate.    The real estate may be taken, but the action itself does not affect, determine or change any title.

The appeal must be dismissed, with costs.

All concur.

Appeal dismissed.