ANDREAS GRAF et al., Respondent; MARY CUNNINGHAM, Impleaded, etc., Appellant, *v.* SAMUEL SELF Impleaded, etc., Respondent.

One W. contracted to build a house for defendant C., the contract-price to be paid in installments as the work progressed. At a time when $400 was due by the terms of the contract C. refused to pay, whereupon W. stopped work. C. served a notice upon him to proceed with the work, stating that if he failed to do so within two days she would consider he had abandoned the work and would proceed herself to finish it, holding him for the damages. W. did not proceed and C. finished the work at an expense, which, with the payments made left a balance of $570, including the $400, of the contract-price unexpended. In an action to foreclose a mechanic's lien, *held*, that the lienors were entitled to recover not only the $400 but the whole $570, that C., in effect, went on under the notice and completed the building at the expense of W. and he, by his silence, must be held to have acquiesced; that C. could not put the contractor in default for not completing the building, as she was in default in refusing to pay

The mechanic's lien law of 1862 for the counties of Kings and Queens (Chap. 478, Laws of 1862), was not repealed by the lien law of 1880 (Chap. 486, Laws of 1880), applicable to the cities of the state generally.

Under said act of 1862 a verification to a notice of lien was not required.

(Argued April 13, 1888; decided April 24, 1888.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made March 22, 1886, which affirmed a judgment in favor of plaintiff and certain of the defendants, entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose a mechanic's lien upon premises in the city of Brooklyn.

The material facts are stated in the opinion.

*J. Stewart Ross* for appellant. The respondents are only entitled to liens on complying with the statute and proving performance by the defendant Wilson. (*Linn* v. *O'Hara*, 2 E. D. Smith, 560; *Grogan* v. *Mayor, etc.*, Id. 639; *Walker* v. *Paine*, Id. 662; *Hauptman* v. *Halsey*, Id. 668.)

The notice was a cancellation of the contract for Wilson's default. (*Meyers* v. *De Mier*, 52 N. Y. 647.) After cancellation for Wilson's default, neither Wilson nor the respondents had any other rights under Wilson's contract. (*Smith* v. *Brady*, 17 N. Y. 173; *Pike* v. *Butler*, 4 id. 360; *Jennings* v. *Camp*, 13 Johns. 94; *Lantry* v. *Park*, 8 Cow. 63; 12 Johns. 165; 13 id. 53; 13 Wend. 258; 18 id. 87; *Western R. R. Co.* v. *Bayne*, 75 N. Y. 1.) Wilson having made default, appellant had the right to take possession of her property, and whatever may have been placed thereon by him, without making her liable in any way to Wilson or respondents. (*Smith* v. *Brady*, 17 N. Y. 173; *Glacius* v. *Black*, 50 id. 145) The notice of lien, filed by the defendant Self, was not verified as required by section 2 of chapter 486 of the Laws of 1880, which applies to the city of Brooklyn. (*McKenna* v. *Edmundstone*, 91 N. Y. 231)

*Henry Fuehrer* for plaintiff, respondent. The appellant, having, by her written notice, notified the contractor to proceed with the work in two days, or that she would complete the building and hold him for all damages, and having been permitted by the contractor to complete the house thereafter, must be deemed, by said notice and by subsequently completing the house thereunder, to have waived the right, if she ever had any, to rescind the contract, and to have elected to act, and to have acted in completing said house, as agent for the contractor, and the sub-contractors became entitled to the amount unpaid on the contract. (*Kenny* v. *Apgar*, 93 N. Y. 593; *Wheeler* v. *Scofield*, 67 id. 311; *Murphy* v. *Buckman*, 66 id. 297; *Gillen* v. *Hubbard*, 2 Hilt. 203.)

*F. P. Bellamy* for Samuel Self, respondent. The filing of the lien in the county clerk's office made it valid and effectual; no service of the notice of the lien was necessary. (Lien Law, 1862, chap. 478, §§ 1, 2; *Ryan* v. *Klock*, 36 Hun, 104; *McKenna* v. *Edmundstone*, 91 N. Y. 231.) Both the laws of 1862 and 1880 were, at the time the lien was filed, in force,

operative and applicable to the city of Brooklyn, and if the proceedings conform to either statute as to the filing of the lien, the lien will be valid. (*Cockrell* v. *Loonan*, 36 Hun, 354; *McKenna* v. *Edmundstone*, 91 N. Y. 231; *Ryan* v. *Klock*, 36 Hun, 104.) The defendant Self, the first lienor, has a right to the affirmative relief of the foreclosure of his lien in this action, and is entitled to this relief, irrespective of whether the plaintiff succeeds on his lien or not. (Code of Civ. Pro. §§ 521, 1204, *Kenny* v. *Apgar*, 93 N. Y. 539; Mechanics' Lien Law, 1862, chap. 478; *Abram* v. *Boyd*, 5 Daly, 321–325.) The appellant having, by her written notice, notified the contractor to proceed with the work in two days or that she would complete the building and hold him for all damages, and having been permitted by the contractor to complete the house thereafter, must be deemed, by said notice and by subsequently completing the house thereunder, to have waived the right, if she ever had any, to rescind the contract, and to have elected to act, and to have acted in completing such house as agent for the contractor, and the sub-contractors and became entitled to the amount unpaid on the contract, less cost of completion. (*Kenny* v. *Apgar*, 93 N. Y. 539; *Wheeler* v. *Schofield*, 67 id. 311; *Murphy* v. *Buckman*, 66 id. 297; *Gillen* v. *Hubbard*, 2 Hilt. 203.)

PECKHAM, J. The defendant agreed with one Wilson to pay him $3,500 for building a house, the payments to be made in installments as certain stages in the process of building were reached. She paid Wilson $1,500 during the progress of the building, and the court finds that upon the date named in its finding $400 more were due him under the contract. She refused to pay that amount and claimed the work was not advanced far enough and was not done in accordance with the contract. The court found against her on these points and there is evidence to sustain the finding. The contractor, upon defendant's refusal to pay, neglected to go on with the work, when she served a notice upon him stating that as he had announced he had abandoned the work, and as he had stopped

work she thereby required him to proceed with the execution thereof within two days, and if he failed so to do she should consider that he had abandoned the work, and she would proceed herself to finish the erection of the building and hold him for the damages. Wilson did not proceed and she went on and finished the building at an expense of $1,430, which, with the $1,500 already paid, left a balance of $570 of the original contract-price. The plaintiffs and some of the defendants are sub-contractors, and filed liens and have recovered judgments for the payment to them of their liens out of the above $570, to the extent to which it will go. Four hundred dollars were due Wilson when he demanded it for work which he had already done, and the owner's refusal to pay was wrongful. This is the finding of the court. There can be no question but that such sum should be paid the lienors in this proceeding, as a payment *pro tanto* for the work done by them on the building, and which the plaintiff has the benefit of, because that sum at least was due Wilson at the time he demanded it, and which the owner has never paid.

More difficulty exists in relation to the $170. But we think, upon the whole, it should also be allowed the lienors, and such allowance simply makes the owner liable for the contract-price of the building which she agreed to pay Wilson. We think the defendant, in effect, went on under her notice above mentioned and completed the building at the expense of the contractor Wilson, and he, by his silence, must be held to have acquiesced in such action. She could claim no forfeiture of the contract because he did not go on after her notice, for the reason that she was herself in the wrong, and had no right to insist upon his continuing work while she refused to pay the $400, which were due the contractor at the very time when she gave this notice. Rather than pay that sum when it was due she preferred to try and make the contractor go on with the work without it, and when she notifies him of the consequences of his refusal, that she will go on and complete the building and hold him for damages, it is but another way

of saying that she will complete it at his expense, in which he acquiesces. She does complete it, and for $170 less than it would have cost had she paid Wilson the $400 when due him, and he had gone on and completed it. She could not put the contractor in default for his neglect or refusal to proceed and complete the building, because she was herself in default in refusing to pay him the $400 when due. Under all the circumstances, we think it is fair to treat her as if the contractor had consented to her going on and completing the building at his expense up to the amount of the contract-price.

This would bring the case within *Wheeler* v. *Scofield* (67 N. Y. 311). She could not obtain the right to go on and complete the building outside of the contract, and treat it as abandoned by the mere service of her notice, unless she had the right to so treat it by the refusal of Wilson to go on until he was paid the $400. As there was no right to so treat him, her notice to that effect was to that extent useless, and his acquiescence can be referred to an acquiescence on his part to the completion at his expense, which, under the circumstances, we hold the notice amounted to.

As to the objection to the notice of lien of Self, that it was not verified, we do not think it tenable. Under the act of 1862, which applied to Kings county, it was not required. That act was not repealed by the passage of the act of 1880 (Chap. 486), which applied to the cities of the state generally. (See *McKenna* v. *Edmundstone*, 91 N. Y. 231.)

We have examined the other questions arising upon the exceptions to the rejection of evidence, and do not think them tenable.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.