JOHN H. VAN CLIEF AND OTHERS, RESPONDENTS, *v.* HANNAH R. VAN VECHTEN, APPELLANT, IMPLEADED WITH OTHERS.

*Mechanics' lien — under chapter 342 of 1885 — what is covered by — amendment of a repealed statute.*

Under the lien law (chap. 342 of the Laws of 1885, and chap. 316 of 1888) the liability of the owner to pay is not necessarily a liability which could be enforced when the lien was filed, nor does the validity of the lien necessarily depend on the right of the contractor to collect the sum of money himself from the owner. It covers the value of the building at the time of the filing of the lien.

The legislature by amending may revive a repealed statute.

APPEAL by the defendant Hannah R. Van Vechten from a judgment, entered in the office of the clerk of the county of Richmond on the 9th day of March, 1889, upon the report of a referee in favor of the plaintiff.

*Ezekiel Fixman* and *A. H. Stoiber*, for the appellant.

*Thornton, Earle & Kiendl*, for the respondents.

BARNARD, P. J. :

Hannah R. Van Vechten made an agreement with one George M. Smalle, by which Smalle was to furnish all labor and materials for and to complete a building on her land. The contract-price was $4,298, payable by installments. The first two installments were earned by Smalle and were paid, amounting to $2,000. The contractor did work and furnished material to the amount of $900 beyond what was paid for by the owner to the contractor, and then abandoned the contract without fault upon the part of Mrs. Van Vechten. Smalle bought lumber of the plaintiff, which went into the building. The referee allowed a judgment to him to the extent of $800, and the question is whether this judgment was right under the lien law. The lien was filed before the abandonment of the contract by Smalle.

The lien law of 1885 (chapter 342, Laws of 1885, chap., 316, Laws of 1888) which was in force when the lien was filed, gave a lien, with a limitation that all liens shall not exceed the amount remaining unpaid on the contract at the time of the filing of the lien. As between contractor and owner, nothing was due under the

contract, but the property of the lienor had been used in the building and the owner had received value therefor over and above her payments to the extent of this judgment. In *Heckmann* v. *Pinkney* (81 N. Y., 211) the Court of Appeals held that the words "liable to pay at the time" of filing the lien, which was the enactment under the lien law of 1875, meant liability to pay by virtue of the contract according to its terms, either presently or in future. That the liability was not necessarily a liability which could be enforced when the lien was filed, which construction would defeat the law. The words in the present law are broader. By the first section of the act of 1885, and as amended in 1888, the liens are to be limited so that the owner would not be compelled to pay a greater sum than the price stipulated and agreed to be paid in such contract, and remaining unpaid at the time of the filing of such lien. The lien is, therefore, for the value of the materials; it covers the plaintiff's lot. All the liens must not exceed the contract-price. The lien does not necessarily depend on the right of the contractor to collect the sum of money himself from the owner. It covers the value of the building at the time of the filing of the lien. (*Graf* v. *Cunningham*, 109 N. Y., 369.)

The County Court had jurisdiction of the action to foreclose the liens. The legislature had power to confer original jurisdiction on the County Court. (Constitution, § 15, art. 6.) Chapter 480, Laws of 1880, confers jurisdiction on County Courts to the amount of $3,000. This law purported to amend a repealed law, but the power of the County Court can be conferred by reviving a repealed law. The law of 1880 has full force of itself. The lien law of 1885 gives courts of record jurisdiction to enforce mechanics' liens to the extent of the jurisdiction of the court in money judgments.

The judgment should, therefore, be affirmed, with costs.

DYKMAN, J., concurrred.

Judgment affirmed, with costs.