STOCKSDALE *et al. v.* SCHUYLER *et al.*

(*Supreme Court, General Term, Second Department.* February 12, 1890.)

EQUITY—RESCISSION OF CONTRACTS.

 Plaintiffs agreed to sell and deliver to defendants a large quantity of lumber, the latter to pay the freight on each invoice, and give a three-months note for the balance. There were several invoices delivered, and neither was the freight paid nor the notes given, and there were subsequent deliveries when only the freight was paid. A demand for a settlement for past deliveries was refused. *Held*, that plaintiffs could rescind the contract, and demand their money for the lumber delivered.

Appeal from circuit court, Kings county.

An action by Jacob P. Stocksdale and others against Garret L. Schuyler and Walter G. Schuyler, to recover a balance of $589.89 due plaintiffs for lumber sold and delivered by them to defendants. The court directed a verdict for the full amount claimed. From the judgment rendered thereon defendants appeal.

Argued before BARNARD, P. J., and DYKMAN, J.

*Brown, Dexter & Squires,* for appellants. *Rhodes & Rhodes,* for respondents.

BARNARD, P. J. The facts are not disputed in this case. The plaintiffs agreed to deliver a large amount of lumber. The defendants were to pay the freight on each invoice, and give a note upon three months' credit for the balance. There were several invoices delivered, and neither freight was paid nor note given. There were subsequent deliveries on account of the contract, when the freight was paid by defendants, but no note given. Payments were made on account to the extent of $1,231.43. In March, 1887, the plaintiffs demanded payment of the balance, and refused to execute the contract further, unless a settlement was made according to the terms of the contract. The defendants declined to give a note for the balance on past deliveries, and claim that the plaintiffs must fulfill the entire contract, and can only claim payment of freight and a note for further deliveries. Can the plaintiffs rescind the contract for a failure to pay or give a note for past deliveries? The case of *Gardner* v. *Clark*, 21 N. Y. 399, holds that a waiver of payments for past deliveries did not waive the right of payment as to future ones. It does not meet the present case. Assuming a waiver of the conditions, and that the title passed, it was clearly the right of the plaintiffs to demand the note, and their right to that or the cash only depended upon a demand for a performance of the conditions. The refusal to give the note was proven, and this refusal gave the plaintiffs a right to rescind the contract and demand their money for the goods sold and delivered. The performance of the contract by the plaintiffs presupposed the giving of the several notes as invoices were delivered, and this fact brings the present case under *Mansfield* v. *Railroad Co.,* 102 N. Y. 211, 6 N. E. Rep. 386; *Graf* v. *Cunningham,* 109 N. Y. 369, 16 N. E. Rep. 551; *Withers* v. *Reynolds,* 2 Barn. & Adol. 882. The judgment should therefore be affirmed, with costs.