HENRY D. NORRIS, Respondent, *v.* WILLAM H. NESBITT, *et al.*, Appellants.

*Court of Appeals, Oct.* 21, 1890.

See 23 St. Rep. 84.

*Appeal. Court of Appeals.*—An action to foreclose a mechanic's lien does not affect the title to real estate or any interest therein, within the meaning of subd. 3, § 191 of the Code, and the judgment therein when the amount in controversy is less than $500, is not appealable to the court of appeals.

Appeal from a judgment of the general term of the court of common pleas, affirming a judgment in favor of plaintiff entered upon the report of the referee.

The action was brought to foreclose a mechanic's lien.

*De Witt C. Brown,* for appellants.

*William Stone,* for respondent.

GRAY, J.—The mechanic's lien in process of foreclosure in this action was for a claim of $419.20, and hence the amount in controversy fell below the figure specified by § 191 of the Code of Civil Procedure as a condition of the right to have a further review by this court.

Nor does the action affect the title to real property, or an interest therein, within the sense in which that language is to be taken, and to which it has been construed in this court. Wheeler *v.* Scofield, 67 N. Y. 311 ; Nichols *v.* Voorhis, 74

Id. 28; Trevett v. Barnes, 110 Id. 500; 18 N. Y. State Rep. 533. No action can be deemed to affect the title to real estate merely because it relates to real estate. Whether it be brought for an injury to real property, or to enforce the collection of a claim thereout, it is not included in the category of actions which have for their object the determination of title. The judgment in this action could not change the title to real estate, or be conclusive evidence against the true owner. Its effect is simply to collect the plaintiff's money demand out of real estate. He claims no title to it, and, as to these appellants, whatever their title and interests, the result of the action is to enforce payment out of the real estate, notwithstanding their defenses, leaving the legal or equitable relations subsisting between them and the defendant Schmidt, who was the record owner of the property when the debt of plaintiff's assignors was contracted, to be determined in some proper action, or in such way as the parties might take for that purpose.

The appeal should be dismissed, with costs.

All concur.