CHARLES E. OGDEN, Respondent, v. ELIZABETH ALEXANDER
et al., Appellants.

In support of a judgment entered upon the report of a referee, this court
is authorized to assume any needed fact not found, but which could be
sustained by the evidence if it had been found, and especially one
which must have been involved in the findings made.

In an action to foreclose a mechanic's lien, it appeared that H., who had
contracted with the owner of the premises to erect a house thereon, made
a contract with a firm of which plaintiff was a member, by which said
firm agreed to do a portion of the work and furnish certain material.
The firm entered upon performance of its contract, but before comple-
tion plaintiff bought out the interest of his co-partner, and the firm was
dissolved; he thereafter completed performance. *Held*, that plaintiff
was entitled to file and enforce a lien; that he did not stand
simply in the position of assignee, but as a mechanic who had actually
and substantially furnished the labor and material, and had simply, by
his purchase, become the sole person interested.

By the terms of the contract with H. the contract price was to be paid in
installments. When the lien was filed the final payment was wholly
unpaid. H. had become insolvent, had made an assignment and aban-
doned the contract, and no part of that payment had been earned. *Held*,
that H. had, at the option of the owner, forfeited all rights to the final
payment, and with the forfeiture fell all rights of the lienor, unless the
forfeiture was waived by the owner.

By the contract the owner had the election, upon giving three days' notice,
to waive a forfeiture and to complete the contract at the expense of H.;
the owner served no notice, but did complete the contract at a cost less
than the amount unpaid; he asserted no claim of forfeiture, but instead
recognized the existence of the contract after the abandonment by H.
and the sufficiency of the final payment for the work remaining to be
done. The assignment of H. was made to the owner. *Held*, that the
requirement of notice was for the benefit of H., and as neither he nor
any one claiming through him was asserting the need therefor, its omis-
sion did not rebut evidence showing that the house was completed
under and not independent of the contract; and so, that plaintiff was
entitled to enforce his lien to the extent of the balance remaining unpaid
on the contract after deducting the cost of completion.

Reported below, 63 Hun, 56.

(Argued November 29, 1893; decided December 12, 1893.)

APPEAL from judgment of the General Term of the
Supreme Court in the fourth judicial department, entered

upon an order made February 2, 1892, which affirmed a judg-ment in favor of plaintiff entered upon the report of a referee.

This was an action for the foreclosure of a mechanic's lien. The facts, so far as material, are stated in the opinion.

*Samuel H. Fancher* for appellant. The plaintiff, as assignee or purchaser of the claim of Oliver & Ogden against Horace Hill, was not authorized by chapter 342, Laws of 1885, to file a lien against this property. (*Rollins* v. *Cross*, 45 N. Y. 766; *Menagh* v. *Whitwell*, 52 id. 146; *Stanton* v. *Westover*, 101 id. 265; *Dimon* v. *Hazard*, 32 id. 65; *Saunders* v. *Reilly*, 105 id. 12; *Colgrove* v. *Tallman*, 67 id. 95; *Millard* v. *Thorn*, 56 id. 402; *Savage* v. *Putnam*, 32 id. 501; *Morss* v. *Gleason*, 64 id. 204.) The contractor Hill, having failed to perform his contract, and it being conceded by plaintiff that all the contract price had been paid by the owner to the contractor except the last payment of $925, which did not become due until the complete performance of the contract, the plaintiff cannot recover in this action. (*Murphy* v. *Buckman*, 66 N. Y. 297; *Gillen* v. *Hubbard*, 2 Hilt. 304; *Graff* v. *Cunningham*, 109 N. Y. 369; *Kinney* v. *Apgar*, 93 id. 539; *Crane* v. *Grime*, 60 id. 127; *Wheeler* v. *Scofield*, 67 id. 311; *Kelly* v. *Bloomingdale*, 139 id. 343.) The notice of lien is defective and void in that it fails to comply with the require-ments of chapter 342 of the Laws of 1885 in this, that it does not set forth the nature and amount of the labor and services performed or to be performed. (Laws of 1886, chap. 382.) The notice of lien is defective and void in that it fails to state correctly the nature and kind of materials furnished. (*Vogel* v. *Luitweiler*, 52 Hun, 184.) The rights of subsequent lien holders are involved in this case as well as those of the owners. (Laws of 1885, chap. 342, §§ 6, 17; Laws of 1886, chap. 282, § 22.) The burden of proof rests upon the sub-contractor to show the labor and material furnished and the amount of money due from the same to the contractor at the date of filing the lien. (*Walker* v. *Payne*, 2 E. D. Smith, 662; *Has-*

*well* v. *Goodchild*, 12 Wend. 373.) Collusion is not to be inferred from the fact that the payments were made in advance. (27 N. Y. S. R. 797.) The notice of lien was not properly verified and untruthfully stated that the contract had been fully performed on the part of the plaintiff; it failed to state the portion of the contract not completed, and was, therefore, void. (50 Hun, 151.)

*Alexander Neish* for respondent. The lien was duly filed and served, and thus the plaintiff's testator became subrogated to the rights thereto enjoyed by the contractor. (*Crane* v. *Genin*, 60 N. Y. 131; *Gibson* v. *Lenane*, 94 id. 183; *Larkin* v. *McMullin*, 120 id. 210; *Platt* v. *Platt*, 105 id. 496.) The notice of lien filed and served is ample under section 4 of chapter 342, Laws of 1885. (*Mechan* v. *Baker*, 11 N. Y. Supp. 781; *Hunter* v. *Walter*, 12 id. 60; *Harrington* v. *Dollman*, 64 Ind. 252; *Kiel* v. *Carll*, 51 Conn. 440; *Odd Fellows' Hall* v. *Masser*, 24 Penn. St. 507; *Allen* v. *Mining Co.*, 73 Mo. 688; *Vogel* v. *Luitweiler*, 52 Hun, 184.) The plaintiff's testator was authorized to file and enforce the lien in this case. (*Menagh* v. *Whitwell*, 52 N. Y. 146; *Morss* v. *Gleason*, 64 id. 204; *Rollins* v. *Cross*, 45 id. 771; *Hallahan* v. *Herbert*, 57 id. 409.) The exception taken to the admission in evidence of the sale of goods to Hill after the dissolution of the firm of Oliver & Ogden on the ground that it was not within the pleading, has no merit. (Code Civ. Pro. §§ 539, 540; *Craig* v. *Ward*, 1 Abb. Ct. App. Dec. 454; 3 Keyes, 387; *Chapman* v. *Caroline*, 3 Bos. 456; *Hauck* v. *Craighead*, 4 Hun, 561; *Place* v. *Minster*, 65 N. Y. 89, 104; 66 id. 61; 37 Hun, 74; 70 N. Y. 601; *Dougherty* v. *Valloton*, 6 J. & S. 455; *Pratt* v. *H. R. R. Co.*, 21 N. Y. 305; *Parsons* v. *Suydam*, 3 E. D. Smith, 276; 70 N. Y. 180, 190; *Mack* v. *Colleran*, 136 id. 620.) The effort made during the examination of Cooley and of Heimer to prove by parol the contents of a certain memoranda, viz., a paper with two columns of figures, was properly disposed of by the referee, and there was no error in excluding the evidence. (*Van*

*Clief* v. *Van Vechten,* 130 N. Y. 571 ; *Foshay* v. *Robinson,* 137 id. 134.)

Finch, J.   The claim of the plaintiff, Ogden, to enforce a mechanic's lien against the property of the owner, Alexander, is resisted upon two principal grounds.   The latter had made a contract with Hill for the erection of a house.   By its terms Hill was to furnish all necessary labor and materials, and receive as compensation $3,425, payable in specified install-ments at agreed stages of the work.   Hill contracted with the firm of Oliver & Ogden to do the plumbing of the house, and supply and set a furnace therein, and they entered upon the performance of the work.   While so engaged, and before its completion, Ogden bought out the interest of Oliver, so that the partnership became dissolved, and ceased to exist, and then Ogden continued the performance of the contract with Hill.   When the work was substantially finished, Ogden filed a notice of lien which he now seeks to foreclose, and is met by the objection that he stands in the attitude of an assignee of the firm of Oliver & Ogden, and so is not authorized by the statute to file and enforce a lien.

It is conceded to be the general rule that such liens are lost when the debts upon which they rest are sold and transferred to others.   (*Rollin* v. *Cross,* 45 N. Y. 771.)   There is a double reason for the doctrine.   The right of the sub-contractor against the owner is purely statutory, and such an assignee, not having performed the labor or furnished the material, is not within the terms of the act allowing a lien.   Beyond that, the protection intended to be given is purely personal, and designed for the security of the mechanic and material man whose labor and materials have gone into the construction, and not for the safety of strangers, who merely purchase a debt.   The technical argument for subjecting the plaintiff's claim to the operation of this rule governing a mere purchase by an assignee, is quite plausible.   The learned counsel for the appellants reasons that the firm of Oliver & Ogden fur-nished the materials and labor, and not the individuals com-

posing it; that the statute, therefore, gives the lien explicitly to the firm, and not to Oliver or to Ogden; that the purchase by the latter of Oliver's interest in the partnership made him, in legal effect, the assignee of the firm; that thereafter the firm ceased to exist, its lien died with it, and only the bare debt passed to Ogden; and that the right of lien was personal to the firm, and could not be transferred by it to one of the individuals composing it. But I think that construction is quite too narrow and technical. The statute itself requires that we shall construe it liberally, and in furtherance of the remedy (Laws of 1885, chap. 342, § 25), and the reason of the rule invoked by the defendants has no necessary or just application to the case before us.

It is very clear that a mere purchase of the debt from a sub-contractor would not carry with it the right to a lien. The purchaser could not be described as a " person furnishing " labor or materials, for he did not, and simply bought from one who did. He could buy or not as he pleased, and might be a mere speculator for whose safety the statute has no concern, and the mechanic who sold would get protection through the proceeds of his sale. But the situation here is wholly different. Technically, the material and labor were furnished by the firm, by the legal entity which describes the partnership, but really and substantially the labor and materials were furnished by the individuals composing the firm. Neither can be said to have furnished merely a specific or aliquot part, for the interest of each extended to and permeated the whole, and each could fairly be described as a person, or one of the persons, who had furnished the work. *Ogden was not a mere assignee.* He had personally encountered the risk involved in trusting Hill; his personal interest extended to every hour of the labor done, and every dollar of the value furnished; he stood entirely within the scope and purview of the statutory purpose; he was not a mere stranger buying a claim, but a mechanic who had actually and substantially furnished the labor and material, and had simply, by his purchase, become the sole person interested, instead of remaining the one of

two. We may grant that Oliver lost all ownership of the claim and retained no equity against, or interest in, the partnership assets, at least, after all its debts had been paid, but that fact does not make Ogden a mere assignee, or put him outside of the intended purpose and scope of the statute. I think he was fairly within it, for back of the technical description of his interest lies the substantial fact that, as one of the firm while it existed, he did in reality aid in furnishing the labor and materials, bore in part the cost of so doing, and was entitled in the end to a share of the compensation. Doubtless, if the firm had continued to exist, the lien filed would properly have been claimed in the partnership name, but its dissolution upon the transfer of all its assets to one member ought not to strip him severally of a right which he before held jointly, or compel us to assert the technical truth, but substantial untruth, that Ogden at no time and in no manner became a person who had furnished labor and materials. So that I think a just and reasonable construction will, when it is needed, look beneath the legal fiction, and rest upon the substantial truth so far as to include within the protection of the statute one who has joined as a partner in furnishing labor and material, but thereafter has bought out his associate and become the several owner of the claim.

The appellants raise a second objection which does not seem to have been appreciated, or at least is not satisfactorily answered by the referee and the General Term. If we assume, as the plaintiff claims, that Hill's statement of payment made to him in full is untrue, and that when the lien was filed, the last contract payment of $925 remained wholly unpaid, it does not follow that the plaintiff acquired a lien upon that sum, unless in some manner and to some extent it became due and payable to Hill. There is no finding that Hill ever earned any part of it so as to be entitled to its payment, and, therefore, it is said there is no proof of any fund due from Alexander to Hill to which the plaintiff's lien could attach.

The facts are that Hill abandoned the contract and never performed it. He made an assignment and discontinued work entirely. He thereby forfeited all right to the final payment at the option of the owner, and with that forfeiture fell any possible right of the lienor, unless the owner waived the forfeiture, as by the terms of the agreement he was at liberty to do, and elected to complete the work under the contract at Hill's expense. If he made that election and so completed the work and the cost proved to be less than the payment due at the end, the difference would be Hill's profit and payable to him, and upon that the lien could rest.

If, on the other hand, there was no such waiver, and no such election, but Alexander chose to insist upon the forfeiture, and went on, not under the contract, but in his own way and at his own expense, then the final payment never at all, or to any extent, became due to Hill, and there was nothing upon which plaintiff could have a lien. It does not answer this difficulty to say, as did both the referee and the General Term, that after appropriating from the last stipulated payment all that it actually cost to complete the house there still remained a balance unappropriated and representing Hill's profit. The materiality of that fact depends wholly on the question whether the owner stood upon the forfeiture, or completed the house under the contract, and in behalf and at the risk of the contractor. (*Wheeler* v. *Scofield*, 67 N. Y. 311.) The written agreement permitted the latter choice by the owner upon giving three days' notice, but there is no finding of any such fact, and, unless we can supply it in some manner, there is nothing due to Hill and no fund to feed the lien. I incline to the opinion that we can supply the missing fact. In support of a judgment we are at liberty to gather from the evidence any needed fact such as could have been sustained if it had been actually found, and especially one which must have been involved in the findings made. (*Marvin* v. *Brewster Iron M. Co.*, 55 N. Y. 547.) Alexander in his lifetime, and his heirs after his death, did complete the house and asserted no claim of forfeiture, which they were bound to do

distinctly if they chose to rely upon it, but, on the contrary, recognized the continuance of the contract and the sufficiency of the final payment for the work remaining to be done. Thus, Alexander said when the lien was filed that "there was plenty of money coming to Mr. Hill;" that "Ogden was the last man he would pay;" that "he should not pay Mr. Hill any more, but what was coming would go to the workmen and the material;" that "there was enough and Charlie should get his pay." These statements are entirely inconsistent with any purpose to enforce a forfeiture, and quite clearly indicate an intent to proceed under the contract, and apply the final payment to the completion of the house in that manner and according to the terms of the contract. It is true that the three days' notice was not given, and that omission is urged as conclusive proof that Alexander was not proceeding, and did not intend to proceed, under the permission of the contract. The suggestion has some force until we consider all the circumstances. When Hill abandoned the work he made a general assignment to Alexander himself, and the latter, to some extent, represented Hill. No notice to himself was needed, and as assignee he could know that a forfeiture was not intended. The requirement of notice was wholly for Hill's benefit, and neither he, nor any one claiming through him, is asserting the need of its existence. The omission, therefore, does not rebut the very explicit declarations of Alexander, and, I think, we are justified in assuming as a fact that the house was completed under the contract and not independently of it. The case thus becomes clear. The surplus over and above the cost of completion was due to Hill from the owner; it was enough to pay Ogden; and he may enforce his lien upon it.

There are some other objections to the form and regularity of the notice of lien, but which we deem sufficiently answered in the opinion of the referee.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.