DENISON CONST. CO. v. MANNESCHMIDT et al.

(Supreme Court, Appellate Division, Second Department.   December 30, 1908.)

1. CONTRACTS (§ 306*)—BREACH—COMPLETION BY OTHER PARTY.

A building contract provides that if the contractors failed to supply sufficient workmen or materials or to prosecute the work with diligence, or in the performance of any of the agreements, the owner should be at liberty after three days' written notice to the contractors to provide such labor or materials and deduct the cost from any money due or to become due the contractors, and that if the architect certified that the failure of the contractors was sufficient ground for terminating their employment he might do so and enter on the premises and complete the work and provide the materials therefor, and in case of such discontinuance the contractors should not be entitled to receive any further payment until the work should be wholly finished, when any unpaid balance of the contract price above the expense incurred by the owner should be paid to the contractors, but if such expense exceed the unpaid balance the contractors should pay the difference to the owner. The owner refused to pay an installment, which under the contract was not yet due, and the contractors abandoned the work and filed a lien for the balance claimed under the contract, together with some items for extra work and material furnished up to that time, and brought suit to foreclose such lien. *Held*, that a judgment for the excess of the sum remaining unpaid on the contract when the plaintiff abandoned it over the amount it cost the owner to complete the building after such abandonment was unauthorized, and should be modified by reducing it to the amount of the extra work and material.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 306.*]

2. CONTRACTS (§ 321*)—RIGHTS ON BREACH.

Where a contractor breaks the contract and abandons the work, he has no cause of action unless the owner has contracted with him that if he breaks the contract and abandons the work the owner will complete for his account.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1508;  Dec. Dig. § 321.*]

Appeal from Special Term, Kings County.

Action by the Denison Construction Company against Margaretha Manneschmidt and others to foreclose a mechanic's lien for labor and materials for the erection of a building. From a judgment in favor of plaintiff and defendant lienors, defendant Manneschmidt appeals. Judgment modified.

The contract contained the following clause:

"Should the contractors at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, such refusal, neglect or failure being certified by the architects, the owner shall be at liberty, after three days' written notice to the contractors, to provide any such labor or materials, and to deduct the cost thereof from any money then due or thereafter to become due the contractor under this contract; and if the architect shall certify that such refusal, neglect or failure is sufficient ground for such action, the owner shall also be at liberty to terminate the employment of the contractors for the said work and to enter upon the premises and take possession, for the purpose of completing the work included under this contract, of all materials, tools and appliances thereon, and to employ any other person or persons to finish the work, and to provide the materials

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

therefor; and in case of such discontinuance of the employment of the contractors they shall not be entitled to receive any further payment under this contract until the said work shall be wholly finished at which time, if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the owner in finishing the work, such excess shall be paid by the owner to the contractors; but if such expense shall exceed such unpaid balance, the contractors shall pay the difference to the owner. The expense incurred by the owner as herein provided, either for furnishing materials or for finishing the work, and any damage incurred through such default shall be audited and certified by the architect, whose certificate thereof shall be conclusive upon the parties."

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Bruce R. Duncan (Addison S. Sanborn, on the brief), for appellant.

Robert H. Roy, for respondent the Denison Const. Co.

John H. Durack (Herman A. Brand, on the brief), for other respondents.

GAYNOR, J.. The owner refusing to pay the contractor the fourth installment under the contract when it was demanded, the contractor quit and abandoned the work altogether. Thereupon it filed a lien for the balance it claimed was due under the contract for work and material it had furnished up to that time, and brought this suit to foreclose such lien. The complaint is for the said balance, viz., that the plaintiff had performed work and furnished material under the contract to the amount of $10,413.93, on which $5,700 had been paid, leaving a balance of $4,713.93 due to the plaintiff, to which are added some items of alleged extra work and material.

The learned trial judge having found that the owner refused to pay the fourth installment on the ground that the contractor had not performed the contract up to that stage of payment, and that the contractor thereupon "stopped work under the contract and thereupon refused to continue with the performance of the contract," found also that at that time the contractor "had not performed its contract up to the period of performance which would entitle it to the fourth payment thereunder, and the work already done by it and materials already furnished were inferior and different from those called for by the said contract."

Now, it is trite to say that this finding required that the complaint should be dismissed (except, it may be, for the items of extra work found), for performance—or, as is sometimes tautologically said, "substantial performance," which is "performance"—was a condition precedent to a right to recover anything under the contract. Rowe v. Gerry, 112 App. Div. 358, 98 N. Y. Supp. 380; Van Orden v. MacRae, 121 App. Div. 143, 105 N. Y. Supp. 600. But instead judgment was given for the plaintiff; not on the cause of action set out in the complaint, however, but for the excess of the sum remaining unpaid on the contract when the plaintiff abandoned it, over the amount it cost the owner to complete the building after such abandonment. This was done on a finding that the owner completed the contract for the plaintiff's account, i. e., as its agent or trustee; which, if true, required her to account to the contractor at the end, and pay it any part of the

contract price that might remain unexpended, or, on the other hand, to enable her to exact of it any amount expended in excess of the contract price. It would suffice to say that there was no such ·cause of action before the court; but to go further, there was no evidence whatever to support the said finding. It was made on the contract itself, viz., on the theory that it contained a provision that if the contractor should at any time break the contract and abandon the work the owner would be obliged to go on and finish the building according to the plans and specifications for the plaintiff's account, i. e.,· as his agent, or else that if she did finish it, it would be for the contractor's account, whichever the claim is, for that is left in doubt. That would be a most extraordinary contract for owners to make with contractors. And when the contract in this case is looked at, it is of course found to contain no such thing, but quite the reverse. Instead of applying to the case of the contractor breaking the contract and abandoning the work, the clause of the contract on which the said finding is based, is the usual one found in such contracts, which applies only to the case of the owner terminating the work of the contractor while the latter is going on with it, and entering upon the premises and superseding him and completing the work. In such a case the owner completes for the account of the contractor. Owners would be in evil case indeed if this clause applied when the contractor, after breaking the contract by substituting inferior work and material for that contracted for, or altogether omitting work and material contracted for, abandons the work altogether, as is the case here; for they could not leave their property in its unfinished condition, and yet if they completed it they would have to do it as the agent of their contractor who had thus grievously wronged them. The idea that a contractor may by abandoning the work put the owner in the position of being obliged to complete as his agent or trustee, if he completes at all, and to account to him at the end, only needs to be stated to expose its absurdity. It could not have been intended by the court to decide such a thing in Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017, as is claimed. There the owner pleaded that he completed for the account of the contractor, which made an entirely different case to the present one.

Where the contractor breaks the contract and abandons the work, he is left without any cause of action whatever, for his right to recover depends on his performance of the contract; unless, of course, the owner has contracted with him that if he breaks the contract and abandons the work, the owner will complete for his account—if we can conceive of any sane owner making such a contract. There is no such contract here. It is that if the architect certifies that the contractor fails to supply a sufficient number of workmen, or sufficient materials, or to prosecute the work with promptness and diligence, or fails in the performance of any agreement of the contract, the owner may, after giving the contractor three days' ·written notice, "provide any such labor or materials," and deduct the cost thereof "from any money then due or thereafter to become due the contractor under the contract," or (and this is the part applicable to the · present case), if the architect shall certify that the foregoing "refusal, neglect or failure

113 N.Y.S.—68

is sufficient ground for such action, the owner shall also be at liberty to terminate the employment of the contractors for the said work, and enter upon the premises and take possession" and complete, the contractor to be liable to the owner at the end for any excess the owner has paid over the contract price, and the owner to be liable to the contractor for the balance of the contract price if it be not all expended. In the present case the owner never elected to "terminate" the contract and take possession and complete. It was already terminated by the contractor.

The fact that there are lienors under the contract does not enter into the question. Their case may be hard, but courts have to heed the adage, often verified, that hard cases make bad law.

The judgment should be modified by reducing the amount found to be due to the sum of $284.10 found to be due for extra work and material.

MILLER, J. The defendant, owner, proved, and the court found, that, after the plaintiff abandoned the contract, the owner completed the building according to the plans and specifications, and that the cost of completion plus the payments theretofore made, deducted from the contract price, left a balance of $2,163.95. The defendants, McKenna and Wood, furnished material of the value of $1,254.44, which is now in the owner's building, and for which they have not been paid.

Though the complaint was for the value of the work done up to the time the contractor stopped work, the question of performance up to that time was not the only issue litigated. The defendants' proof of the completion of the contract and the cost thereof was not relevant to that issue, and, if the owner elected to treat the contractor's abandonment as a forfeiture of the contract, that proof was immaterial. The defendants, lienors, were not bound by the theory of the complaint; moreover, no question respecting the pleadings was raised on the trial or in this court. Indeed, the appellant does not assail the finding that she completed the contract for the account of the plaintiff, except by the sole contention that the contract was not substantially performed, for the reason that, although she finished the building according to the plans and specifications, there were hidden defects and imperfections, intentionally created by the contractor in the work done by him.

It should be observed in passing that the finding of the trial court, that at the time the plaintiff demanded the fourth payment "the work already done by it and materials already furnished were inferior and different from those called for by the said contract," must be read in connection with the finding that the owner completed the contract for the account of the plaintiff. The latter finding is in effect that the owner substituted in place of the defective work what the contract required, and there is evidence tending to show that that was done. The sole question involved in this appeal, then, is whether the finding that the owner completed for the account of the contractor was justified.

Where the contractor abandons his contract before completion, the owner may, independently of a specific provision of the contract authorizing it, complete the contract at the expense of the contractor.

Wheeler v. Scofield, 67 N. Y. 311. It is not for the party in the wrong to decide what the other shall do; the latter has his election. In this case, the plaintiff was in the wrong when he refused to proceed with the contract; it was then for the appellant to elect to treat the contract as terminated and forfeited, or to insist that it was still in force and to complete it for the account of the contractor, holding him liable for any excess of cost over the contract price, and being required to account for any surplus after deducting the cost of completion. Had the plaintiff been in the right in insisting upon the fourth payment before proceeding further, the situation would have been reversed. He would have had the right of election to treat the contract as terminated and sue for the value of the work done up to that time, to sue for damages for breach of contract, or, if he chose, to allow the owner to complete at his expense. Graf v. Cunningham, 109 N. Y. 369, 16 N. E. 551. It may be that, in the absence of any specific provision of the contract on the subject, an election by the party having the right to elect, as the case might be, to treat the contract as continuing and to have it completed by the owner at the expense of the contractor, could not be found from the mere fact that the owner went on and finished the building in accordance with the original plans.

Undoubtedly, the provision of the contract in question here would not apply to the case of an abandonment by the contractor, unless the parties saw fit to apply it to that case. For a refusal to proceed at all with the work, the owner might have treated the contract as forfeited; but she was not bound to do so. She could treat such a breach of the contract as "a refusal, neglect, or failure" in the performance of the contract within the meaning of those terms as used in said provision, precisely as she could, in the absence of said provision, have elected to complete the contract at the expense of the contractor. Said provision, then, is important in this case only as it bears on the question of proof.

In a case like this, in the absence of a finding, it will be presumed by the Court of Appeals in support of the judgment that the completion of the contract by the owner was under the contract. The Court of Appeals expressly held that, and had to do so to affirm the judgment in the case of Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017. I have examined the record in that case. The only proof of what the owner did when the contractor quit was to the effect that she notified him to proceed or she would consider the contract at an end, and that, on his failure to proceed, she completed according to the plans and specifications. The trial court found that, after the contractor abandoned the contract and neglected and refused to perform it, the owner notified him that, in default of performance by him, she would cancel and forfeit the contract; but it was also found that the owner completed the building in accordance with the plans and specifications mentioned in the contract. From the latter finding, the court presumed that the completion of the building was under the contract, although the only notice given by the owner was the verbal notice that she would forfeit the contract if the contractor did not proceed. It is true that the owner in that case pleaded a counterclaim for the expenses incurred in the completion of the building; but surely that did not conclude her. In the case at bar, the owner did more than that.

She proved the completion of the building by her according to the plans and specifications and what it cost. She thus proved what the Court of Appeals had decided gave rise to a presumption, and made no attempt to overcome that presumption.

In the case of Ogden v. Alexander, 140 N. Y. 356, 35 N. E. 638, there was no finding even that the owner completed according to the plans and specifications. I have examined the record in that case. The question whether the owner elected to stand on a forfeiture or to complete under the contract does not appear to have been litigated. Indeed, the lienor in that case, a materialman, seems to have proceeded on the theory that the owner should pay for having employed a contractor, knowing that he was not financially able to complete the contract. It was proven in that case that, after the contractor failed, the owner finished the building. The Court of Appeals supplied a finding that the owner completed under the contract in behalf of and at the risk of the contractor. That finding was based on the fact that the owner completed the building without asserting a claim of forfeiture, and, when notice of lien was filed, said in effect that there was enough money due the contractor to pay the lienor.

The provision of the contract in each of the two cases last above cited was not essentially different to the provision in question here. It was as follows:

"Should the contractor, at any time during the progress of the said works, refuse or neglect to supply a sufficiency of materials or workmen, the owner shall have the power to provide materials and workmen, after three days' notice in writing being given, to finish the said works, and the expense shall be deducted from the amount of the contract."

The said three days' notice was not given in either of those cases.

It seems to me that the judgment in this case is just to all parties, and, in any view, the decisions hereinbefore referred to are controlling.

Judgment modified in accordance with the opinion of GAYNOR, J., and, as modified, affirmed, without costs.

HOOKER and RICH, JJ., concur. MILLER, J., reads for affirmance, with whom WOODWARD, J., concurs.